96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George EDDLEMAN, II; Eugene Helm; Sam Watkins, Jr.;
Leonard A. Ciak; Shelley Strong; Lisa Thompson,
Plaintiffs-Appellees,
v.
JEFFERSON COUNTY, KENTUCKY; Jefferson County Department of
Corrections; Richard A. Frey, Jr., Defendants-Appellants.
 No. 95-5394.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1996.
 
 Before: MERRITT, Chief Circuit Judge; ENGEL and RYAN, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 This appeal presents two procedural issues for interlocutory review under 28 U.S.C. § 1292(b). The issues for review by this Court are whether the District Court erred in: (1) granting Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23, and (2) granting Plaintiffs' motion to amend their complaint. For the reasons discussed below, we affirm both the decision to certify the class and the decision to allow Plaintiffs' to file an amended complaint.
 
 
 2
 The named Plaintiffs each claim to have been strip searched by the Jefferson County Corrections Department after being arrested for minor, nonviolent offenses, primarily traffic stops, and seek relief under 42 U.S.C. § 1983 for violations of the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments. Plaintiffs allege that the Department of Corrections maintained an unconstitutional blanket policy or custom to strip search all arrestees, regardless of the circumstances or the existence of individualized suspicion necessitating a search. Determination of the merits of the case has been stayed at the District Court pending the outcome in this Court on the question of class certification, and this Court does not decide any issue concerning the merits of the action.
 
 I.
 
 3
 The named Plaintiffs here allege that they were required to remove their socks, shoes and belts, lift their shirts, drop their pants and open the waistbands of their underpants for inspection of their genital area by Corrections Department employees. At least one named Plaintiff was also subject to a hand search of the area below his underpants and a visual body cavity search. The searches of some of the named Plaintiffs were done in an open receiving area of the jail--called a "sallyport" search--in front of male and female corrections officers. All the named Plaintiffs were pre-trial detainees who were either released on their own recognizance or held for a few hours in a holding cell.
 
 
 4
 In the first six months of 1991, about two dozen individuals sued the County alleging violation of their right to be free of strip searches after arrest for minor offenses without individualized suspicion that they are carrying a weapon or contraband. In September 1991, several months after the complaints were filed by the named Plaintiffs herein, the Defendants moved to stay discovery in the case pending resolution of a dispositive argument by Defendants that the complaints filed against them were precluded by a consent decree into which the Department of Corrections had entered concerning strip searches. The District Court determined that the consent decree did not preclude Plaintiffs' claims and the stay of discovery was lifted in June 1992, nine months later. During this time several more plaintiffs filed similar claims against Defendants.
 
 
 5
 Two months later, in July 1992, the District Court urged the parties to settle. For the next six months, until the end of 1992, the parties were engaged in settlement discussions. 17 of 22 similarly-situated plaintiffs settled during this time.
 
 
 6
 In June 1993, Plaintiffs filed a motion to amend their complaints to add class allegations. The motion was granted in a very brief order in September 1993:
 
 
 7
 Upon motion, and after consideration of same, it is
 
 
 8
 ORDERED that George A. Eddleman, II, Eugene Helm and Sam Watkins, Jr. be and hereby are granted leave to file their First Amended Complaint.
 
 
 9
 Joint Appendix[1] at 333.
 
 
 10
 In August 1993, the District Court entered a permanent injunction against Defendants prohibiting strip searches for minor offenses without reasonable suspicion that the person was carrying a weapon or contraband. (J.A. at 332) The entry of the permanent injunction mooted the Plaintiffs' request for injunctive relief but left their liability and money damages claims intact.
 
 
 11
 The named Plaintiffs moved to certify the class in January 1994 and the District Court granted class certification on August 11, 1994 (J.A. at 362). The class was certified as follows:
 
 
 12
 All individuals who were arrested for non-violent minor offenses between April 25, 1990 and the present that were required by the Defendant to remove their clothing for visual inspection of all or part of their exposed bodies at the Jefferson County Jail, unless there existed reasonable cause to believe that they were carrying or concealing weapons or other contraband.
 
 
 13
 D.Ct. Opinion at 8, J.A. at 369. Interlocutory appeal was granted. The merits of the case have been stayed in the District Court pending resolution of the class certification issue by this Court.
 
 II.
 
 14
 Plaintiffs' Rule 15(a) Joint Motion to Amend Their
 
 Complaints to Assert Class Certification
 
 15
 Defendants first argue that it was an abuse of discretion for the District Court to allow Plaintiffs to amend their complaints to assert class certification. Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading should be "freely given when justice so requires." Reasons to deny leave to amend a complaint include (1) undue prejudice, (2) undue delay in amending, (3) amendment not offered in good faith or (4) that the party has had sufficient opportunity to state a claim and has failed to do so. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971); Foman v. Davis, 371 U.S. 178 (1962). Defendants assert that Plaintiffs' two-year delay in moving to amend the complaints (1) constitutes inexcusable delay and (2) caused Defendants to be unduly prejudiced thereby.
 
 
 16
 There is no bright-line test to determine what is "undue delay." Given the circumstances here--the pendency of a potentially dispositive motion regarding the effect of the consent decree on Plaintiffs' claims followed immediately by settlement negotiations--the delay is not "inexcusable."
 
 
 17
 Defendants contend that they are prejudiced because class certification allows claims precluded by the statute of limitations to be revived, thereby exposing Defendants to liability from allegedly dead claims and increasing the size of the potential class. Defendants do not convince us that any prejudice to them is significant as a result of amending the complaint to add class certification. The addition of some class members that might otherwise be time barred due to the amendment when the class is already concededly large, if in fact this is the case, a point on which we make no opinion, does not constitute the type of "undue" prejudice that would outweigh the rule that complaints are to be freely amended. Class certification does not preclude a defense based on the statute of limitations as to one or more class members. The statute of limitations defense will be available only against plaintiffs whose claims arose more than one year before the filing of the first intervening complaint, not against plaintiffs whose claims arose more than one year before the amendment but not more than one year before the initial complaint. See Fed.R.Civ.P. 15(c). This, of course, does not take into consideration tolling or other circumstances that may bear upon the statute of limitations defense.
 
 
 18
 The District Corut did not set out its reasons for allowing Plaintiffs to amend their complaints to add class certification. The order simply states that the motion to amend is granted. Despite the lack of analysis in the District Court's order, the facts in the record make clear that the delay in moving for class certification arose from (1) the nearly one-year stay granted in 1992 while the District Court decided whether the consent decree precluded the Plaintiffs' claims and (2) the settlement efforts ordered by Judge Johnstone that occurred from mid- to late 1992. There was then a delay of six months until the motion to amend to add class certification was filed in June 1993. Given the circumstances, the delay does not seem "undue" and any prejudice resulting to Defendants from the delay in certifying the class is minor.
 
 III.
 Rule 23
 Class Certification
 
 19
 The Supreme Court has held that district courts must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 are met before certifying a class. General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). The district court has broad discretion in certifying class actions, but must exercise the discretion within the framework of Rule 23. Cross v. National Trust Life Ins. Co., 553 F.2d 1026, 1029 (6th Cir.1977). When evaluating whether to certify the class, the district court must take the allegations of plaintiffs as true and any doubts as to certification should be resolved in favor of plaintiffs. Id.
 
 A. Rule 23(a)
 
 20
 Federal Rule of Civil Procedure 23(a) contains four requirements that the named plaintiffs must meet for certification: numerosity, commonality, typicality and adequacy of representation to certify a class. Rule 23(a) states:
 
 
 21
 (a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (4) the representative parties will fairly and adequately protect the interests of the class.
 
 
 22
 Fed.R.Civ.P. 23(a). Plaintiffs carry the burden of demonstrating their proposed class action meets the requirements of Rule 23(a). In addition to meeting the requirements of Rule 23(a), plaintiffs must also meet at least one of the requirements of Rule 23(b), described below.
 
 
 23
 Defendants concede that Plaintiffs meet the numerosity requirement under Rule 23(a) as there are thousands of potential plaintiffs in the class due to the number of persons that are processed through the Jefferson County Correctional Department each year. However, Defendants argue that Plaintiffs fail to meet the other requirements of Rule 23(a) and the requirement of Rule 23(b).
 
 
 24
 1. Commonality. Rule 23(a)(2) requires that questions of law or fact common to the class be present. Defendants contend that the representative Plaintiffs' claims have "substantive factual differences" and do not meet the commonality requirement of Rule 23(a). Commonality does not require that Plaintiffs' claims be identical. Rule 23(a) requires that the resolution of common questions affect all or a substantial number of the class members. In re American Med. Sys., Inc., 75 F.3d 1069, 1080 (6th Cir.1996); Senter v. General Motors Corp., 532 F.2d 511, 518 (6th Cir.), cert. denied, 429 U.S. 870 (1976).
 
 
 25
 Here, each of the Plaintiff representatives alleges that he was brought to the jail after a minor, non-violent infraction and was told to remove shoes, socks and belt, then required to lift his shirt and then finally to drop his pants, pull out the waistband to his underwear to allow corrections officials to inspect his genital area and buttocks and, in some instances, subjected to a hand search of the area below his genitals. The only differences in the claims pertain to whether the subject was first handcuffed and exactly where in the jail facility the search took place.
 
 
 26
 Eighteen of the Plaintiffs who settled with the County before the class was certified were made to disrobe completely. It is possible that certain potential members of the class may have been required to disrobe completely. This fact does not defeat the commonality requirement because Plaintiffs' legal theory is that all members of the class were subject to unconstitutional searches after being arrested for minor offenses pursuant to a blanket policy or custom. Their theory is that both full and partial searches are unconstitutional without reasonable suspicion that the person is carrying a weapon or contraband. Common legal theories therefore bind the class even if some sets of facts are more severe than others. This is true even where the putative plaintiff is subject to a full strip search instead of a partial one, or the fact that some individuals may fail to meet the qualifications for the class because it can be shown that there was reasonable suspicion to search them or the fact that some potential plaintiffs may decide to "opt-out." These isolated instances of non-commonality are not grounds for denying class certification.
 
 
 27
 In sum, Plaintiffs allege similar conduct by the same Defendants. The legal theory is the same for each Plaintiff: whether the strip search violated the constitutional rights of the Plaintiffs. We find that the commonality requirement is met.
 
 
 28
 2. Typicality. The typicality requirement of Rule 23(a) requires that the claims of the representative plaintiffs be "typical" of the class. A claim is typical if it arises from the same event or course of conduct giving rise to the claims of other class members and is based on the same legal theory. Senter v. General Motors Corp., 532 F.2d at 525.
 
 
 29
 Like the arguments raised pursuant to the commonality requirement, Defendants contend that the Plaintiff representatives are not "typical" because they had only partial strip searches done while other members of the potential class were subject to full strip searches and body-cavity searches. The "typical" factor possessed by both the named and unnamed plaintiffs that form the class here is that each person was allegedly arrested for a minor violation and strip-searched in violation of their constitutional rights. The key factor for class membership is that the plaintiff must allege that he was subjected to an unconstitutional strip search after arrest for a minor infraction--not the actual scope of the search. The legal theory under which the plaintiff would proceed is the same, regardless of whether a full or partial search is alleged. Because each named Plaintiff herein alleged an unconstitutional strip search after arrest for a minor violation, the named Plaintiffs are representative of the class.
 
 
 30
 3. Adequacy of Representation. As to the adequacy of representation requirement in Rule 23, this Court has specified two criteria for determining whether the named plaintiffs adequately will represent the class: (1) the representatives must have common interests with the unnamed class members and (2) it must appear that the representatives will vigorously prosecute the class action through qualified counsel. Senter, 532 F.2d at 525. Defendants argue first on the same ground raised above: that the representative Plaintiffs here cannot "adequately represent" the class of potential plaintiffs because they were subject to a partial strip search only--not a full one. For the reasons already discussed, this does not present a bar to certification. Second, Defendants argue that the delay in moving to certify the class demonstrates that the representatives and their counsel will not vigorously represent the class. Given the course of the proceedings to date, however, we find no evidence that the Plaintiff representatives and counsel will not vigorously represent the class. Despite Defendants' arguments to the contrary, both adequacy criteria seem to be satisfied in this case. The named Plaintiffs adequately represent the class in that they were subject to the same conduct by Defendants and their claims are based on the same legal theory.
 
 B. Rule 23(b)
 
 31
 If the requirement of Rule 23(a) are met, the Plaintiffs still must demonstrate that they meet the requirements of Rule 23(b). Under Rule 23(b), one of three conditions must be met to maintain a suit as a class action: (1) there must be a risk of either incompatible standards of conduct or a risk that interests of prospective class members would be impaired by an adjudication of others' claims; (2) the party opposing the class has acted towards members of the class in a non-uniform way or (3) issues common to the class predominate over issues that are not common to the class and the best method of trying the suit is as a class action. Plaintiffs contend that they meet the criteria of both (b)(1) and (b)(3).
 
 
 32
 Pursuant to Rule 23(b)(3), a class action may be maintained if the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and just adjudication of the controversy.
 
 
 33
 The District Court found, and we agree, that the criteria for Rule 23(b)(3) are met. The commonality question has already been discussed and the class action mechanism is an efficient and fair way to adjudicate the claims presented here. Defendants argue that because the reasonableness of any search must be examined on a case-by-case basis, the constitutionality of strip searches cannot be properly evaluated in a class action. The basis for the complaint, however, arises precisely because the Defendants did not conduct an individualized assessment of the need for each search. Plaintiffs allege, and that allegation must be taken as true for our purposes here, that their constitutional rights were violated by a policy or custom, written or unwritten, to search every arrestee who entered the jail, regardless of the individual circumstances. Due to the single legal theory and the similar facts for each Plaintiff, a class action would be superior to individual actions.
 
 
 34
 Defendants rely heavily on Klein v. DuPage County, 119 F.R.D. 29 (N.D.Ill.1988), as authority for their arguments against certification in the instant case. Despite Defendants' characterization of Klein as "patently analogous," Klein is readily distinguishable from the facts of this case. In Klein, inmates of a prison challenged the routine strip searches to which they were subject. The district court held that class treatment of the challenge was inappropriate in light of the particularized nature of the court's inquiry into the constitutionality of individualized intrusions and each individual's damages. The district court pointed out the special institutional security concerns, that each plaintiff had been arrested for different crimes, that the plaintiffs may pose a safety threat and may have been searched numerous times in various ways over the course of his prison term in finding lack of commonality and typicality under 23(a) and (b). The district court in Klein specifically distinguished a Seventh Circuit case much more similar to the case here, Mary Beth G. v. City of Chicago, 723 F.2d 1263 (7th Cir.1983), where the City of Chicago's blanket policy of strip searching all females arrested for traffic violations was held unconstitutional. Although individualized trials were held on damages, the class was certified for liability determination. Accordingly, Defendants' reliance on Klein does not help their argument.
 
 
 35
 Defendants' final argument is that the damages to the class are too disparate to determine in a class action. Varying damage levels rarely prohibit a class action if the class members' claims possess factual and legal commonality. Mayer v. Mylod, 988 F.2d 635, 640 (6th Cir.1993) (in securities fraud action, commonality and typicality requirements met even where some investors made money and some lost money because questions of liability are common to all class members regardless of their level of damages); Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1197 (6th Cir.1988) (in mass toxic tort action, even though damages may be disparate, where liability can be determined on a class-wide basis because it arises from a single course of conduct that is identical for each plaintiff, class action suitable for adjudication). Accordingly, this argument is also unavailing.
 
 
 36
 Plaintiffs also assert that they meet the requirements of Rule 23(b)(1)(a) that states "the prosecution of separate actions by or against individual members of the class would create a risk of ... inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." As we have already determined that Plaintiffs meet the requirement of Rule 23(b)(3), we need not decide whether Plaintiffs also meet the requirements of 23(b)(1)(a).
 
 
 37
 The District Court issued a thorough and detailed opinion, going through each requirement of Rule 23. The "rigorous analysis" required in General Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982), has been met. Accordingly, we find that the District Court did not abuse its discretion and we affirm the granting of the motion to amend the complaint and the motion to certify the class.
 
 
 
 [1]
 References to the Joint Appendix filed in this action will be referred to hereinafter as "J.A. at ____."