Steven W. PRICE, et al., Plaintiffs,

James Henry WARREN (No. 00–5488); Kevin R. Black (No. 00–5645), Objectors–Appellants,

v.

JEFFERSON COUNTY KENTUCKY; Jefferson County Department of Corrections, Defendants–Appellees.

No. 00–5488, 00–5645.

United States Court of Appeals, Sixth Circuit.

May 9, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

James Henry Warren and Kevin R. Black appeal a district court order that denied their appeal of a class-action settlement Claims Administrator's decision to deny their individual claims based upon their being subjected to a strip-search upon their incarceration in the Jefferson County Jail. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *See* Fed. R.App. P. 34(a).

These appeals arise from a class-action lawsuit that challenged the practice of strip-searching inmates taken into the Jefferson County Jail. This court affirmed the district court's certification of the lawsuit as a class-action, *see Eddleman v. Jefferson Co., Ky.,* No. 95–5394, 1996 WL 495013, at *3–6 (6th Cir. Aug.29, 1996), and the district court ultimately certified the plaintiff class as people arrested for "minor offenses" and strip-searched at the jail between April 25, 1990 and August 24, 1993. Thereafter, the parties settled the

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

case, and a Claims Administrator was named to administer the settlement fund. Appellants Warren and Black submitted claims based upon their being strip-searched at the jail during the pertinent period, but the Claims Administrator denied the claims. Both appellants then appealed the denial to the district court, which also denied the claims. Appellant moved the district court to alter or amend its judgment and to disqualify counsel for the plaintiff class, and the district court denied both motions. Both appellants filed timely notices of appeal, and the appeals have been consolidated.

On appeal, appellant Warren contends that he was improperly strip-searched as a federal prisoner incarcerated in the jail after his arrest as a felon in possession of a firearm. Appellant Black contends that: (1) he was improperly strip-searched after his arrest as a "technical" parole violator; (2) the district court improperly refused to take judicial notice of federal habeas corpus proceedings regarding the constitutionality of the ensuing revocation of his parole; and (3) the district court erred in denying his motion to disqualify counsel for the plaintiff class. Appellees respond that the district court properly rejected both appellants' claims, and properly denied appellant Black's motions.

Generally, this court reviews de novo a district court's legal determinations involving class membership under the definition of that class. See *Williams v. Gen. Elec. Capital Auto Lease, Inc.*, 159 F.3d 266, 272 (7th Cir.1998); *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 49 F.3d 541, 543 (9th Cir.1995). This court reviews a district court's decision regarding whether to take judicial notice of facts only for an abuse of discretion. See *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir.1998); *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir.

1997); *Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 777–78 (9th Cir.1989). Similarly, this court reviews a district court order denying a motion to disqualify counsel only for an abuse of discretion. See *In re Dresser Indus., Inc.*, 972 F.2d 540, 546 (5th Cir.1992); *LaSalle Nat'l Bank v. Lake County*, 703 F.2d 252, 257 (7th Cir.1983).

Upon review, agree with the district court's conclusion that neither appellant is a member of the plaintiff class. Further, the district court did not abuse its discretion in denying appellant Black's motions to take judicial notice and to disqualify counsel for the plaintiffs.

Therefore, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.