# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

No. 06-30516

RICHARD EUGENE EARLY,

Plaintiff-Appellee,

v.

SOUTHERN UNIVERSITY & AGRICULTURAL & MECHANICAL
COLLEGE BOARD OF SUPERVISORS; BENJAMIN PUGH; GRADY
MORRIS; JEANETTE WILLIAMS; SAM GILLIAM; JAMES BROWN,
Individually and in His Official Capacity as Chancellor of the Southern
University-Shreveport Campus, and JUANITA MORRIS,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-255)

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Richard Eugene Early, a former officer on the campus police force at
Southern University at Shreveport ("Southern"), filed suit against the above-
named Defendants-Appellants, raising a plethora of claims stemming from his
demotion and eventual firing. On remand from this court's previous

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

consideration of this case in Khan v. S. University & Agric. & Mech. Coll. Bd. of Supervisors, 2005 WL 1994301 (5th Cir. Aug 19, 2005),[1] the district court determined that Defendants were entitled to qualified immunity on some, but not all, of the claims raised by Early. Specifically, the district court held: (1) Defendants were entitled to qualified immunity as to Early's § 1983 freedom of association claim, and the related § 1985 and § 1986 claims; (2) Defendants Juanita Morris and Sam Gilliam were entitled to qualified immunity as to Early's § 1981 retaliation and § 1983 free speech and due process claims; and (3) Defendant Gilliam was entitled to qualified immunity as to Early's related § 1986 claim. The district court found there were genuine issues of material fact as to all of Early's other claims. Defendants timely brought this interlocutory appeal of the partial denial of their motion for summary judgment.

This court reviews the district court's denial of summary judgment de novo. Attenberry v. Nocona Gen. Hosp., 430 F.3d 245, 252 (2005). However, when reviewing a denial of qualified immunity on an interlocutory appeal, the scope of our review is restricted to the legal conclusions of the district court. Foley v. University of Houston, 355 F.3d 333, 337 (5th Cir. 2003) ("The district court's determination that fact issues are genuine is not appealable. However, his determination that those fact issues are material, that is, that resolution of them might affect the outcome of the case under governing law, is appealable"). Though Defendants note the limited scope of our review, they nevertheless devoted most of their briefing to issues of fact that we cannot review. We do address the questions of law raised by Defendants.

First, Defendants argue that Early's 42 U.S.C. § 1983 free speech claim should have been dismissed because Early's free speech rights are limited by the Supreme Court's recent ruling in Garcetti v. Ceballos, 126 S. Ct. 1951 (2006). In

---

[1] This court fully described the factual and procedural background of this case in Khan, supra. For the sake of brevity, we adopt the facts as stated in that opinion.

Garcetti, the Court explained that the First Amendment does not shield employees from discipline in cases where they make expressions pursuant to their professional duties. 126 S. Ct. at 1962. Reading Defendants' brief broadly, they argue that Early was acting pursuant to his professional duties when he complained of race and sex discrimination against a co-worker. There is no support in the record for this contention. Accordingly, we reject Defendants' argument.

Second, Defendants assert that Early's 42 U.S.C. § 1983 due process claims should have been dismissed as his due process rights are satisfied by the post-terminations remedies that are available through Louisiana's Civil Service Rules. It is true that meaningful post-deprivation process satisfies due process when a deprivation results from a "random and unauthorized act" that is not amenable to pre-deprivation process. Schaper v. City of Huntsville, 813 F.2d 709, 716 (5th Cir. 1987). Defendants, however, did not actually introduce the Louisiana Civil Service Rules before the district court, and the district court refused to take judicial notice of the rules. We review the district court's refusal to take judicial notice of an "adjudicative fact" for abuse of discretion. Taylor v. Charter Med. Corp., 162 F.3d 827, 829 (5th Cir. 1998). The district court indicated that it was unable to discern the Defendants' position on what hearing, if any, was conducted, and that it only received conclusory allegations from Defendants regarding the post-deprivation remedies that were available. In light of this, we find that the district court's refusal to take judicial notice of the Louisiana Civil Service Rules was not an abuse of discretion. Therefore, we affirm the district court's holdings regarding Early's § 1983 due process claims.

Finally, apart from the qualified immunity issues discussed above, Defendants advance Eleventh Amendment immunity arguments and urge this court to dismiss Early's U.S.C. §§ 1981, 1985, and 1986 claims against Southern and the Defendants in their official capacities. This court has previously

dismissed claims against all Defendants in their official capacities under § 1983. Khan, 2005 WL 1994301 at *3 n.12.[2] In Khan, we did not reach the question of whether Congress intended to abrogate state sovereign immunity for §§ 1981, 1985, and 1986. We do so now.

Congress can abrogate Eleventh Amendment immunity only when acting pursuant to § 5 of the Fourteenth Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). We have previously held that "Congress did not intend by the general language of the Civil Rights Act of 1871 to invoke its fourteenth amendment power." Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. 1981) (holding that the district court erroneously denied a motion to dismiss a § 1981 claim on the basis of Eleventh Amendment immunity). Sections 1985 and 1986, much like § 1981, were originally adopted as part of the Civil Rights Act of 1871. However, state officials may be sued for retrospective relief in their individual capacities, provided they are not eligible for qualified immunity. See id. Further, in Cory v. White, 457 U.S. 85, 90-91 (1982), the Supreme Court wrote that Eleventh Amendment immunity does not only apply for claims seeking monetary judgments from states. Rather, the Court explained, "the Eleventh Amendment by its terms clearly applies to a suit seeking an injunction, a remedy available only from equity." Id. at 91. Accordingly, the Eleventh Amendment requires that all of Early's remaining §§ 1981, 1985, and 1986 claims seeking relief from Southern and Defendants in their official capacities be dismissed. To the extent that Early's remaining §§ 1981, 1985, and 1986 claims seek are against the Defendants in their individual capacities, we affirm the determination of the district court regarding qualified immunity.

---

[2] In reaching that decision, we recognized that Southern University is entitled to Eleventh Amendment immunity absent a waiver of this immunity by the state, and we held that Louisiana has not waived it. Khan, 2005 WL 1994301 at *2-3.

We therefore DISMISS on Eleventh Amendment grounds all claims against Southern, and also against all the remaining Defendants in their official capacity and AFFIRM the district court's order insofar as it partially denies summary judgment on qualified immunity grounds.    This matter is REMANDED for further proceedings as needed.