# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30028
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2016

Lyle W. Cayce
Clerk

CHERYL PRICE,

Plaintiff-Appellant

v.

EDWIN M. SHORTY, JR., individually; ROBERT MCCLENDON, officially; OFFICE OF RISK MANAGEMENT, officially; LOUISIANA EMPLOYMENT DISCIPLINARY COUNCIL; EDWIN M. SHORTY, JR. & ASSOCIATES, A.P.L.C.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1832

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cheryl Price, proceeding pro se and in forma pauperis, filed a complaint against Edwin Shorty, Jr. individually; Edwin M. Shorty, Jr. & Associates, APLC; the Louisiana Office of Risk Management in its official capacity; the Louisiana Attorney Disciplinary Board (Board) in its official capacity; and Robert McClendon in his official capacity as a state investigator for the Board,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleging violations of due process as well as claims under 42 U.S.C. §§ 1983 and1985 and Louisiana state law.  The district court granted the defendants' motions to dismiss for failure to state a claim upon which relief could be granted.  Price now appeals, arguing that the district court's dismissal order violated her right to a jury trial under the Seventh Amendment and that the district court had jurisdiction to hear the case under Article III of the Constitution.  Our review is de novo.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Price's first argument is meritless, because "[d]ismissal of [a] claim[] pursuant to a valid 12(b)(6) motion does not violate [a party's] right to a jury trial under the Seventh Amendment."  *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 n.5 (5th Cir. 2014).  As to Price's second argument, the Eleventh Amendment "codified the sovereign immunity of the several states . . . [and f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."  *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).  Louisiana has not waived its sovereign immunity, *see* LA. REV. STAT. ANN. 13:5106(A), and neither § 1983 nor § 1985 abrogates state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 340 (1979); *Early v. S. Univ. & Agric. & Mech. College Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007).

Finally, as Price does not address the district court's reasons for dismissing her claims against Shorty and his law firm, she has waived her claims against these defendants by failing to preserve them adequately.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *see also Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002) (issues raised for the first time in a reply brief are considered waived).

AFFIRMED.