# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 97-10084
_____


DAVID TAYLOR,

                                        Plaintiff-Appellant,

                    versus

CHARTER MEDICAL CORPORATION,
and CHARTER PROVO SCHOOL, INC.
d/b/a PROVO CANYON SCHOOL

                                        Defendants-
Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
December 9, 1998

Before SMITH, DUHÉ, and WIENER, Circuit Judges.

Wiener, Circuit Judge.

    Plaintiff-Appellant David Taylor ("Taylor") appeals the district court's grant of partial summary judgment in favor of Defendant-Appellee Charter Provo School, Inc. d/b/a  Provo Canyon School ("New Provo Canyon"), holding that New Provo Canyon is not a state actor for purposes of 42 U.S.C. § 1983.  Concluding that the district court's holding is correct, we affirm.

I.

FACTS AND PROCEEDINGS

This case involves claims arising from the psychiatric treatment Taylor received while a student/patient at New Provo Canyon, a wholly-owned subsidiary of Defendant-Appellee Charter Medical Corporation ("CMC") and a private, adolescent, residential hospital in Provo Canyon, Utah. Taylor was a minor when his mother voluntarily admitted him to New Provo Canyon where he was a residential patient from October 1990 to August 1991.

After attaining the age of majority, Taylor filed suit in state court in 1995 against New Provo Canyon and CMC, alleging various state law claims —— fraud, medical negligence, false imprisonment, breach of fiduciary duty, and gross negligence —— arising from his treatment at New Provo Canyon. After the defendants removed the case to district court on diversity grounds, Taylor amended his complaint to add specified § 1983 claims.[1] New Provo Canyon then moved for partial summary judgment as to the § 1983 claims only, insisting that it was not "acting under color of state law" when it treated Taylor and was thus not liable as a state actor under § 1983. Taylor countered that consideration of New Provo Canyon's position on the "state

---

[1]The district court dismissed Taylor's claims —— including his § 1983 claims —— against CMC, holding that Taylor had failed to plead either a viable claim against CMC as a separate entity or grounds for disregarding CMC's and New Provo Canyon's corporate formalities.

2

actor" issue is foreclosed by the Tenth Circuit case of <u>Milonas</u>

<u>v. Williams</u>.[2]

Milonas was a class action suit brought against the Provo

Canyon School ("Old Provo Canyon") in 1980.  In <u>Milonas</u>, a

district court in Utah found that Old Provo Canyon — an

independent institution not then affiliated with New Provo Canyon

or CMC in any way — was a state actor for the purposes of § 1983

and enjoined Old Provo Canyon from continuing specified

practices.  The Tenth Circuit affirmed.[3]  In the instant

litigation, which commenced after CMC formed New Provo Canyon to

acquire the assets of Old Provo Canyon, Taylor asked the district

court to take judicial notice of the state actor holdings in both

the district and the appellate court decisions in <u>Milonas</u> to

establish that New Provo Canyon is a state actor for purposes of

the present suit.[4]  The district court rejected Taylor's argument

and granted New Provo Canyon's motion for partial summary

judgment, dismissing Taylor's § 1983 claims only.

The parties tried the remaining state court claims to a

---

[2]691 F.2d 931 (10th Cir. 1982).  The district court's opinion in <u>Milonas</u>, Civil No. C-787-0352, is unpublished.

[3]<u>Id.</u>

[4]Given the nature of the acquisition by CMC and New Provo Canyon of Old Provo Canyon's assets, a serious question exists whether New Provo Canyon is the same entity as Old Provo Canyon or even its legal successor.  As we reject Taylor's judicial notice claim, though, we do not reach the question whether a state actor determination as to Old Provo Canyon would apply to New Provo Canyon even if the district court were to take judicial notice of the prior determination of Old Provo Canyon's state actor status.

3

jury, which found that New Provo Canyon was 25% at fault for the damages Taylor suffered.[5]  After the court determined that New Provo Canyon was liable to Taylor in the amount $7,500, Taylor timely filed a notice of appeal.

---

[5]The jury found Taylor's mother 75% at fault for Taylor's damages.

II.

ANALYSIS

A.    Standard of Review

We review the district court's grant of summary judgment <u>de novo</u>[6] and its refusal to take judicial notice for abuse of discretion.[7]

B.    Judicial Notice

In his appellate brief, Taylor argues that, "as a matter of stare decisis, collateral estoppel, or judicial notice, the district court's decision in <u>Milonas</u> should inform the decision of the district court and the decision of this Court."  Taylor's contentions are wholly without merit.  We write primarily to address when, if ever, a court can take judicial notice of the factual findings of another court, and we turn to this issue first.

Taylor argues that the district court erred in not taking judicial notice of the <u>Milonas</u> courts' determination that Old Provo Canyon was a state actor.  Rule 201 of the Federal Rules of Evidence provides that a court <u>may</u> take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the

---

[6]<u>Eugene v. Alief Indep. Sch. Dist.</u>, 65 F.3d 1299, 1303 (5th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1191 (1996).

[7]<u>C.A. Hardy v. Johns-Manville Sales Corp.</u>, 681 F.2d 334, 337 (5th Cir. 1982).

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."[8]  Taylor asserts that the factual findings of the district court in <u>Milonas</u> — upheld on appeal — fall within this second category.  We disagree.

We have not previously addressed this precise issue, but the Second,[9] Eighth,[10] and Eleventh Circuits[11] have, holding that, even though a court may take judicial notice of a "document filed in another court . . . to establish the fact of such litigation and related filings,"[12] a court cannot take judicial notice of the factual findings of another court.  This is so because (1) such findings do not constitute facts "not subject to reasonable

---

[8]Fed. R. Ev. 201(b).

[9]<u>Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.</u>, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (holding district court could not take judicial notice of bankruptcy court's finding that sellers had provided notice required to preserve their trust rights and were cash sellers).

[10]<u>Holloway v. A.L. Lockhart</u>, 813 F.2d 874, 878-79 (8th Cir. 1987) (holding district court could not take judicial notice of finding of another court that use of tear gas was reasonable and necessary).

[11]<u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding district court could not properly take judicial notice of findings of another court establishing nature of salary dispute in question).

[12]<u>Lib. Mut. Ins.</u>, 969 F.2d at 1388; <u>see also</u> <u>Jones</u>, 29 F.3d at 1553; <u>Colonial Leasing Co. of New England v. Logistics Control Group</u>, 762 F.2d 454 (5th Cir. 1985) (discussed below).

dispute" within the meaning of Rule 201;[13] and (2) "were [it] permissible for a court to take judicial notice of a fact merely because it had been found to be true in some other action, the doctrine of collateral estoppel would be superfluous."[14]

In General Electric Capital Corporation v. Lease Resolution Corporation,[15] the Seventh Circuit adopted a rule similar, but not identical, to that of the Second and Eleventh Circuits. The court in General Electric held that the district court had erred in taking judicial notice of a finding that a settlement in a prior, unrelated proceeding was "fair, reasonable, and adequate." The Seventh Circuit held that these findings did not qualify as facts "not subject to reasonable dispute."[16] The court did not, however, adopt a per se rule against taking judicial notice of an adjudicative fact in a court record, stating:

> We agree [with the Second and Eleventh Circuits] that courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed. However, it is conceivable that a finding of fact may satisfy the indisputability requirement of Fed. R. Evid. 201(b). This requirement simply has not been

---

[13]Jones, 29 F.3d at 1553-54; Lib. Mut. Ins., 969 F.2d at 1388-89; Holloway, 813 F.2d at 878-79; see also Nipper v. Snipes, 7 F.3d 415, 415-417 (4th Cir. 1993) (holding district court abused its discretion in admitting state court findings of fact).

[14]Id. at 1553; see also Lib. Mut. Ins., 969 F.2d at 1388-89; Holloway, 813 F.2d at 879.

[15]128 F.3d 1074 (7th Cir. 1997).

[16]Id. at 1801-83. The court also noted that, if a court were to take judicial notice of another court's findings of fact, it would render the doctrine of collateral estoppel superfluous. Id. at 1083.

satisfied in this case.[17]

It is not necessary at this point for us to determine whether courts in this circuit are never permitted to take notice of the factual findings of another court or are permitted to do so on _rare_ occasion, subject to the Rule 201's indisputability requirement, because the _Milonas_ courts' state actor determination cannot clear the rule's "indisputability" hurdle.[18] That Old Provo Canyon was a state actor for the purposes of the _Milonas_ suit (let alone for the purposes of the present suit) was certainly open to dispute and was, in fact, disputed by the parties. That determination simply was not the type of "self-evident truth[] that no reasonable person could question, [a] truism[] that approach[es] platitude[] or banalit[y]," as required to be eligible for judicial notice under Rule 201.[19]

---

[17]_Id._ at 1082 n.6.

[18]We note, however, that we have difficulty conceiving of an adjudicative fact found in a court record that is not subject of reasonable dispute and, therefore, of which a court could take judicial notice. If such a fact were to exist, it would seem that it would have to obtain its "indisputable" status from some source other than a court's imprimatur in the form of a factual finding.

[19]_See_ _C.A. Hardy_, 681 F.2d at 347-48 (holding that district court abused its discretion in taking judicial notice that asbestos causes cancer because proposition "is inextricably linked to a host of disputed issues"); _Cf._ _Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc._, 746 F.2d 278, 282 n.1 (5th Cir. 1984) (taking judicial notice of the manner in which clerks of the district courts of the Fifth Circuit note date of entry of order, which was not disputed by the parties).

In addition, the <u>Milonas</u> courts' state actor determination is not an "adjudicative fact" within the meaning of Rule 201. Whether a private party is a state actor for the purposes of § 1983 is a mixed question of fact and law and is thus subject to our <u>de novo</u> review.[20]  Rule 201 authorizes the court to take notice only of "adjudicative <u>facts</u>," not legal determinations.[21] Therefore, a court cannot take judicial notice of another court's legal determination that a party constituted a state actor for the purposes of § 1983: That determination is neither an adjudicative fact within the meaning of Rule 201 nor beyond "reasonable dispute."

This result is wholly consistent with our precedent.  In <u>Colonial Leasing Co. of New England v. Logistics Control Group</u>,[22] we addressed whether, in a creditor's subsequent suit against its debtor for fraudulent transfer of assets, the district court had improperly taken judicial notice of the existence of a prior judgment in favor of that creditor.[23]  In holding that the district court did not abuse its discretion, we stated that

---

[20]<u>Albright</u>, 884 F.2d at 838.

[21]<u>See</u> Charles Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5103 at 472-73 (1977) (Courts cannot take judicial notice of legal determinations under Rule 201).

[22]762 F.2d 454 (5th Cir. 1985).

[23]<u>Id.</u> at 459.

9

"[t]he district court could properly take judicial notice, under Rule 201(b), of the judgment <u>for the limited purpose of taking as true the action of the Oregon court in entering judgment for [the creditor] against [the debtor]</u> . . . . The judicial act itself was not a fact ‹subject to reasonable dispute' . . . ."[24] This language suggests that a court cannot (at least as a general matter) take judicial notice of a judgment for other, broader purposes. We hold so expressly today.

The sole relevant case Taylor cites in favor of his argument, <u>Kinnett Dairies, Inc. v. J.C. Farrow</u>,[25] lends him no succor. In <u>Kinnett</u>, the plaintiff requested that the district court "take judicial notice of the record in [a separate, but related case] and asked the clerk to bring it into the courtroom particularly the discovery depositions . . . ."[26] The district court stated in its opinion that it had taken "judicial notice" of the subject material, but did not clarify of what exactly it had taken notice. On appeal, the defendant objected to the inclusion of the depositions and other evidence in the record. We rejected the defendant's argument, noting that the defendant (1) had not objected to the plaintiff's request for judicial notice in the district court and (2) had been granted the

---

[24]<u>Id.</u> (emphasis added).

[25]580 F.2d 1260 (5th Cir. 1978).

[26]<u>Id.</u> at 1277 n.33.

10

opportunity to submit its own evidence and to question those parties whose depositions were made part of the record.[27]  In his brief, Taylor argues that, in so holding in Kinnett, we went beyond simply permitting a district court to take judicial notice of facts found true by another court, actually allowing the district court to take "as true certain evidence in depositions in a completely separate case."

Taylor misreads Kinnett.  In fact, the issue in Kinnett was not even properly categorized as one of judicial notice, despite the court's use of that term.  A fact that has been judicially noticed is not subject to dispute by the opposing party —— indeed, that is the very purpose of judicial notice.[28]  The district court in Kinnett, however, did not accept the deposition testimony and evidence presented to it as true, but rather granted the defendant the opportunity to present counter-evidence and examine witnesses on the issues covered by the alleged judicially-noticed deposition testimony.[29]  The court did not, as Taylor asserts in his brief, take "as true certain evidence in

---

[27]Id.

[28]See Jones, 29 F.3d at 1553 ("Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing.") (quoting Wright & Graham, Federal Practice & Procedure: Evidence § 5104 at 485); C.A. Hardy, 681 F.2d at 347-48 ("The rule of judicial notice 'contemplates there is no evidence before the jury in disproof.'" (quoting Fed. R. Evid. 201 Adv. Comm. Note g (1975)).

[29]Kinnett, 580 F.2d at 1277 n.33.

depositions in a completely separate case." It simply admitted
into evidence deposition testimony taken in another case.
<u>Kinnett</u>, therefore, in no way conflicts with our holding today
that the district court did not err in refusing to take judicial
notice of the <u>Milonas</u> courts' state actor determination.

C.    Stare Decisis

We dispense with Taylor's remaining two arguments quickly.
First, <u>Milonas</u> is not entitled to stare decisis effect in this
Circuit because it is a Tenth Circuit case, and there is no rule
of intercircuit stare decisis.[30] Moreover, "[s]tare decisis
means that like facts will receive like treatment in a court of
law."[31] <u>Milonas</u> was a class action suit, in which the federal
district court in Utah looked to Old Provo Canyon's treatment of
the class as a whole to determine whether state action existed.[32]
The present inquiry — whether New Provo Canyon's treatment of
one individual constituted state action — differs substantially
from that in <u>Milonas</u>, irrespective of whether, for purposes of a
class action suit, Old Provo Canyon's treatment of its patients

---

[30]<u>See, e.g.</u>, <u>United States v. Scallion</u>, 548 F.2d 1168, 1173
n.8 (5th Cir. 1977) (refusing to follow Second Circuit); Samuel
Estreicher & Richard L. Revesz, Nonacquiescence by Federal
Administrative Agencies, 98 Yale L.J. 679, 735-41 (1989).

[31]<u>Brock v. El Paso Natural Gas Co.</u>, 826 F.2d 369, 374 (5th
Cir. 1987) (quoting <u>Flowers v. United States</u>, 764 F.2d 759, 761
(11th Cir. 1985)). Black's Law Dictionary defines stare decisis
as "to abide by, or to adhere to, decided cases". Black's Law
Dictionary 1406 (6th ed. 1990).

[32]<u>Milonas,</u> 691 F.2d at 939-40.

12

generally constituted state action.  Thus, the question here does not present the necessary "like facts" to trigger the stare decisis doctrine.

D.    Collateral Estoppel

For the very same reason, Taylor's collateral estoppel argument fails.  Collateral estoppel —— or claim preclusion —— is applied to bar litigation of an claim previously decided in another proceeding by a court of competent jurisdiction when —— but only when —— the facts and the legal standard used to assess the facts are the same in both proceedings.[33]  Collateral estoppel does not bar the litigation of the state actor issue in the present suit because, although an entity may be deemed a state actor generally, in the case of a private party, the relevant question is whether the specific conduct in question constituted state action.[34]  Milonas determined that Old Provo Canyon's challenged conduct —— treatment of the class —— constituted state action.  That conduct is irrelevant to whether New Provo Canyon's individualized treatment of Taylor constitutes state action.  The facts underlying the two disputes are by no means the same.

Finally, finding no merit in Taylor's remaining arguments,

---

[33]Id.

[34]See, e.g., Goss v. Memorial Hosp. Sys., 789 F.2d 353, 356 (5th Cir. 1986) (examining whether private hospitals' revocation of doctor plaintiff's staff privileges constitutes state action).

13

we decline to address them.

III.

CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment.

AFFIRMED.

14