United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21152
Summary Calendar
_____

JOHN P. EBERHARDT,

                                        Plaintiff-Appellant,

versus

MERCK & COMPANY INC.,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-1380
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis* (IFP), Texas prisoner (#1083045) John P. Eberhardt filed a products-liability complaint against Merck & Company, Inc. (Merck), the manufacturers of the medication Vioxx. Eberhardt alleged that he was prescribed Vioxx in October 1999 and that he was continually treated with the medication until mid August 2000, "when at the age of 41 years, [he] suffered congestive heart failure." The district court denied a motion to dismiss by Merck, but

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nevertheless dismissed the complaint based on a *sua sponte* determination that the complaint was not filed within the applicable statute of limitations.  The court determined that because Eberhardt's complaint was time-barred, it failed to state a claim upon which relief could be granted.

We review the dismissal of a complaint under FED. R. CIV. P. 12(b)(6) *de novo,* applying the same standard as that used by the district court.  Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995).  "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff."  Scanlan v. Texas A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003).  "A dismissal will not be affirmed if the allegations support relief on any possible theory."  Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994).

Although the defense of limitations usually must be raised by the defendants in the district court, it also may be raised *sua sponte* by the district court.  Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992)(civil rights case).  Because this is a diversity case arising under state law, the limitations period for a Texas personal-injury action is applicable.  See Vaught v. Showa Denko K.K., 107 F.3d 1137, 1139-40 (5th Cir. 1997).  Thus, Eberhardt's action must have been filed "not later than two years

after the day the cause of action accrue[d]." Id. (internal quotations and citation omitted).

"In general, a cause of action accrues and the limitations period begins when a wrongful act causes a legal injury." Texas Soil Recycling, Inc. v. Intercargo Ins. Co., 273 F.3d 644, 649 (5th Cir. 2001). The "discovery rule" is an exception under which "the limitations period is tolled until the plaintiff discovers, *or through the exercise of reasonable diligence should have discovered*, the nature of [his] injury." Vaught, 107 F.3d at 1140. Discovery "occurs when a plaintiff ha[s] knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action." Id. (internal quotations omitted).

Eberhardt argues that the limitations period should have been tolled until the Spring of 2001, when he discovered that his heart failure was connected to Vioxx. He contends that he acted diligently in trying to discover what had caused his heart failure, and he makes a myriad of factual assertions in support of this contention. Eberhardt also argues, for the first time on appeal, that his claim should have been tolled under Texas's "Fraudulent Concealment Law."

"Arguments not raised in the district court cannot be asserted for the first time on appeal." Greenberg v. Crossroads Sys., Inc., 364 F.3d 657, 669 (5th Cir. 2004). This "is especially true where the assertion first raised on appeal is

factual." Greenberg, 364 F.3d at 669. Accordingly, we do not consider Eberhardt's fraudulent-concealment claim or the factual allegations he makes in support of his argument that he diligently investigated the source of his heart failure.

Nevertheless, the record does not support the conclusion that Eberhardt's duty to investigate necessarily was triggered when the doctor discontinued his treatment with Vioxx. Although the district court determined that Eberhardt's physician stopped giving Eberhardt Vioxx *because* he developed heart problems, the record does not, however, support this inference. In his complaint, Eberhardt alleged only that he was treated with Vioxx "until mid August 2000, "when at the age of 41 years, [he] suffered congestive heart failure." This allegation must be construed in the light most favorable to Eberhardt. See Scanlan, 343 F.3d at 536. Thus, it cannot be said that discontinuation of Vioxx, without more, would have caused a reasonably prudent person to make an inquiry that would have led to the discovery of the cause of action. See Vaught, 107 F.3d at 1140.

Merck argues "that it is beyond dispute that the information that Appellant contends revealed a possible association between the use of VIOXX and his injury was publicly known long before the critical April 25, 2001 date." It argues that "articles that Appellant produced and cited himself [in response to Merck's motion to dismiss] confirm that, prior to April 25, 2001, Appellant either did discover or, if not, should have discovered,

the information that he contends shows an association between VIOXX and his alleged injury."

We have held that extensive media coverage may trigger the running of the statute of limitations. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 403-04 (5th Cir. 1998). However, Eberhardt's citations do not reflect the sort of media coverage that triggered the running of the statute of limitations in Winters, particularly given that the articles were not included in the record.

Merck also cites its own newspaper articles in support of its media-coverage argument, and asks this court to take judicial notice of those articles. "A judicially noticed fact must be one not subject to reasonable dispute." FED. R. EVID. 201(b); see also Taylor v. Charter Medical Corp., 162 F.3d 827, 831 (5th Cir. 1998)(judicial-notice rule does not authorize a court to make legal determinations). We therefore decline to consider the articles cited by Merck.

The present record is devoid of facts establishing when Eberhardt had the knowledge requisite to trigger the running of the statute of limitations. Accordingly, we VACATE the judgment and REMAND the case for further development of the factual record in light of the applicable tolling provision.