United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-51453
Summary Calendar

BONNIE WILLENE FERGUSON,

Plaintiff-Appellant,

versus

EXTRACO MORTGAGE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 6:05-CV-80)

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Bonnie Willene Ferguson appeals the district court's summary judgment

dismissal of her claims of discrimination under the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. § 621 et seq. and retaliation under the Texas Workers'

___

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Compensation Act, Tex. Lab. Code Ann. § 451.001 et seq.  Reviewing the record <u>de novo</u> under the same summary judgment standard as the district court, we affirm for the following reasons:

1.      Ferguson first asserts that the district court erred in failing to consider as evidence of pretext its own orders and findings in two companion age discrimination cases against her former employer, Extraco Mortgage Company ("Extraco").  Specifically, while Ferguson failed to present any competent summary judgment evidence related to the alleged age-related terminations of the two other plaintiffs, she argues that the district court should have taken judicial notice of its findings that those plaintiffs established a prima facie case for an ADEA violation in their respective cases.  We disagree.

Federal Rule of Evidence 201 allows a court to take judicial notice of an "adjudicative fact" if the fact is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot be questioned.  <u>Taylor v. Charter Med. Corp.</u>, 162 F.3d 827, 829 (5th Cir. 1998).  A court may take judicial notice of "a document filed in another court . . . to establish the fact of such litigation and related filings," but generally cannot take notice of the findings of fact from other proceedings because those facts are usually

disputed and almost always disputable. Id. at 830. Under Rule 201, judicial notice is discretionary by the district court, unless it is requested by a party and the court is supplied with the necessary information. Fed. R. Evid. 201(c) & (d).

Here, Ferguson did not request the district court to take judicial notice of the other two cases and the district court's determination of a prima facie case in the other two lawsuits is not the kind of adjudicative fact that is subject to judicial review. The facts relevant to whether a prima facie case was established in the other two cases were subject to reasonable dispute, and were indeed disputed. That all three cases were before the same district judge does not alter the nature of those facts nor impose a higher duty of notice.

Finally, even had the district court taken judicial notice of the establishment of a prima facie case of discrimination in the other two lawsuits against Extraco, this would not have satisfied Ferguson's burden to show pretext. We have acknowledged that other-acts evidence may be relevant and admissible in a discrimination case to prove an employer's intent or pretext. Vance v. Union Planters Corp., 209 F.3d 438, 445 & n.8 (5th Cir. 2000). However, that evidence must be presented in competent, admissible form and is subject to factual contravention. Where, as here, all three former employees failed to show pretext individually because the

3

employer asserted legitimate nondiscriminatory reasons for its actions and the former employees failed to show that the reason given was false, pretext is not shown simply by aggregating the prima facie cases. See, e.g. Cheatham v. Allstate Ins. Co., 465 F.3d 578 (5th Cir. 2006) (assuming establishment of prima facie ADEA case by nine different plaintiffs, but finding no showing that employer's legitimate reason for their terminations was pretextual).

2.    Ferguson next asserts that the district court erred in refusing to consider circumstantial evidence that Extraco retaliated against her for filing a workers' compensation claim. This argument is without merit.

Under Texas law, an employee alleging that she was discharged in retaliation for filing a workers' compensation claim must show that (1) she filed a workers' compensation claim in good faith, and (2) a causal link exists between the termination and the filing of the claim. Tex. Lab. Code Ann. § 451.001. Circumstantial evidence sufficient to establish a causal link between termination and filing a workers' compensation claim includes: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to establish company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. Cont'l

4

Coffee Prods. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996).

In this case, the district court methodically considered Ferguson's summary judgment evidence under the Cazarez elements and found she had failed to circumstantially establish a causal link between her workers' compensation claim and her termination. On appeal, the only evidence Ferguson cites as ignored by the district court is the fact that she was assigned to a different job role following her return to work after her first work-related injury. However, throughout the underlying lawsuit, Ferguson staked her retaliation claim on her second workers' compensation injury. Ferguson presented her allegations of negative treatment following her first injury for the purpose of establishing pretext in her ADEA claim. The district court's summary judgment order makes clear that the court fully considered this evidence in that context.

AFFIRMED.