IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2007

Charles R. Fulbruge III
Clerk

No. 06-51454

MARYANN PLATT

Plaintiff-Appellant

V.

EXTRACO MORTGAGE COMPANY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-81

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This Court has already decided the same issue involved in this appeal in one of its companion cases, Ferguson v. Extraco Mortgage Co., No. 06-51453, 2007 WL 2493537, at *1 (5th Cir. Sept. 4, 2007).[1] In accordance with that prior opinion, we affirm the district court's summary judgment dismissal of Maryann

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Platt designated two cases as being related to her case, Ferguson, 2007 WL 2493537, and Brown v. Extraco Mortgage Co., No. 06-51451.

Platt's ("Platt") discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

In Ferguson, the plaintiff asserted "that the district court erred in failing to consider as evidence of pretext its own orders and findings in two companion age discrimination cases against her former employer, Extraco Mortgage Company ("Extraco")." 2007 WL 2493537, at *1. This Court noted that "while Ferguson failed to present any competent summary judgment evidence related to the alleged age-related terminations of the two other plaintiffs, she argues that the district court should have taken judicial notice of its findings that those plaintiffs established a prima facie case for an ADEA violation in their respective cases." Id. This Court disagreed with Ferguson's argument and held that she did not satisfy the requirements for judicial notice under Federal Rule of Evidence 201 or Taylor v. Charter Medical Corp., 162 F.3d 827, 829 (5th Cir. 1998). Id. Moreover, this Court held that "even had the district court taken judicial notice of the establishment of a prima facie case of discrimination in the other two lawsuits against Extraco, this would not have satisfied Ferguson's burden to show pretext." Id. Accordingly, the Ferguson Court affirmed the district court's grant of summary judgment in favor of Extraco. Id. at *2.

Likewise, in the instant case, Platt asserts exactly the same judicial notice argument as the one presented in Ferguson. We hold that this argument is foreclosed by Ferguson. Therefore, this Court holds that Platt's judicial notice argument fails and that even if the district court had taken judicial notice, Platt still would not have demonstrated pretext as required. Accordingly, we AFFIRM the district court's summary judgment dismissal of Platt's ADEA claim.