# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 5, 2012

No. 11-51108
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of: SI RESTRUCTURING INCORPORATED,

Debtor

---------------------------------------------------------------------------------

 JOHN C. WOOLEY; JEFFREY J. WOOLEY,

Appellants

v.

HAYNES & BOONE, L.L.P.; SAM COATES; PIKE POWERS; JOHN SHARP;
SARAH WEDDINGTON; GARY CADENHEAD,

Appellees

Appeal from the United States District Court
for the Western District of Texas
No: 5:10-CV-458

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

No. 11-51108

PER CURIAM:[*]

During a bankruptcy proceeding, Appellants John C. Wooley and Jeffrey J. Wooley sought judicial notice of the content of filings from a prior but related bankruptcy proceeding. The bankruptcy court granted motions to strike the documents when they were designated as part of the record in an earlier appeal in this case. Because it would have been improper to take judicial notice of the contents of filings from another case and the bankruptcy court and district court did not err, we AFFIRM the ruling of the district court.

## BACKGROUND

The Wooleys are former officers and directors of Schlotsky's Inc. which filed for Chapter 11 bankruptcy in August 2004. In December 2008, the Wooleys filed a motion seeking permission from the bankruptcy court to pursue claims against Haynes and Boone and former outside directors on behalf of the bankruptcy estate which was denied. At a hearing on the Wooleys' Section 7.7 motion, the Wooleys' attorney requested that the bankruptcy court take judicial notice of evidence their expert relied upon which was previously admitted in a different adversarial proceeding. The bankruptcy court declined to take notice stating: "I have a problem with using judicial notices as substitute for the introduction of materials that might otherwise be subject to legitimate evidence objections." The Wooleys appealed and designated these documents as part of the record even though the documents were never properly admitted to this proceeding. The appellees filed motions to strike those portions of the appellate record which were not admitted at the hearing. The motions to strike were granted on January 21, 2010, striking nine documents from the record on appeal. The Wooleys appealed and the district court affirmed noting that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51108

Wooleys waived this argument due to deficient briefing and, in the alternative, that the bankruptcy court did not err in striking the disputed evidence. The Wooleys timely appealed.

## STANDARD OF REVIEW

"We review actions taken by the district court in its appellate role for an abuse of discretion." *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 698 (5th Cir. 2000). And we "review a district court's admission or exclusion of evidence for abuse of discretion." *United States v. Wilson*, 322 F.3d 353, 359 (5th Cir. 2003).

## DISCUSSION

The Wooleys claim that judicial notice was proper because the information "was testimony and evidence in the same court, in a related proceeding, over which the same judge presided." They allege that introducing this testimony and evidence would have been redundant. The appellees claim the bankruptcy and district courts did not err because the information was never admitted into evidence and therefore judicial notice of its contents would be improper.

Federal Rule of Bankruptcy Procedure 8006, like Federal Rule of Appellate Procedure 10, requires the appellant to file items to constitute the appellate record. Federal Rule of Appellate Procedure 10 limits the record on appeal to: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a).

> Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court.

*Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 443 (5th Cir. 2003). We must make two determinations: (1) whether the information was part of the

3

No. 11-51108

record before the bankruptcy court, *Id.,* and (2) whether the information meets the narrow purpose of judicial notice. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830-31 (5th Cir. 1998).

As the district court noted, the disputed evidence was not admitted as evidence before the bankruptcy court when it ruled on the Section 7.7 motion. Further, the Wooleys sought judicial notice of the contents of the disputed evidence. The Wooleys cite no caselaw, and we have found none, which supports a court judicially noting the contents of materials not properly admitted. Instead, this court has noted that while "a court may take judicial notice of a 'document filed in another court . . . to establish the fact of such litigation and related filings,' a court cannot take judicial notice of the factual findings of another court." *Id.* at 830 (quoting *Lib. Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)). We see no reason to require a court to take judicial notice of the contents of evidence not properly introduced in the bankruptcy proceeding and conclude that the district court did not abuse its discretion in affirming the bankruptcy court's grant of the appellees' motion to strike.

For the foregoing reasons, we AFFIRM the ruling of the district court.