# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50554
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2019

Lyle W. Cayce
Clerk

BURTON MAURICE KAHN, an Individual,

Plaintiff-Appellant

v.

ROBERT RIPLEY, an Individual,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-784

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

This case is the latest round in a long-running dispute between former officers of Helvetia Asset Recovery, a Texas corporation that buys land and then sells it to developers. Plaintiff Burton Maurice Kahn was the company's president for about four years until he was ousted in 2013. Defendant Robert Ripley is the owner of the Bahamian corporation that is the sole shareholder of Helvetia. The prior court proceedings involve state court civil litigation filed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50554

by both sides, a state criminal charge (later dropped) against Kahn, and Kahn's Chapter 7 bankruptcy in which all his nonexempt assets, including causes of actions, were sold to Helvetia.

The district court dismissed this latest lawsuit at the pleading stage under Rule 12. It concluded that the prior litigation and bankruptcy sale meant that Kahn did not have standing to assert economic injuries based on a supposed property interest in assets that other courts have already held he no longer owns. The court relatedly held that res judicata bars Kahn's claims like conversion that seek to recover property whose ownership was resolved in earlier cases. That left only Kahn's claim for personal injuries like mental anguish that he alleged resulted from Ripley's lying to law enforcement in violation of Texas Penal Code § 37.08. *See United States v. Basey*, 816 F.2d 980, 989 n.13 (5th Cir. 1987). Although the earlier litigation did not bar this claim, the district court concluded that Kahn did not allege enough details to state a plausible claim.

We agree in all respects. First, the district court did not err in determining that Kahn lacked standing to pursue most of the claims. The court correctly concluded that (1) Kahn's current claims relating to ownership of certain assets were interrelated to the claims decided against him in the prior state court proceedings and (2) that he sold his claims and interests in Helvetia to that company during his bankruptcy. Because Kahn did not have any legal interest in Helvetia, he could not show that he suffered any economic injury due to Ripley's alleged conversion of property. *See Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015).

Much of the same analysis supports the district court's additional conclusion that res judicata bars Kahn's attempt to revive claims related to those rejected in state court. Although res judicata is an affirmative defense

No. 18-50554

generally not suited to resolution on the pleadings, dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the pleadings and judicially noticed facts. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). The district court was allowed to take judicial notice of the public records in the three prior state court proceedings. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *Cinel*, 15 F.3d at 1343 n.6. It is apparent from those state court records that the earlier rulings preclude Kahn's current claims. *See Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

That leaves Kahn's claim for false reporting of a crime that seeks compensation for personal injuries he allegedly suffered. We agree that the complaint does not allege sufficient detail to support a plausible claim for that relief.

Accordingly, we AFFIRM the judgment of the district court. Kahn's motion for sanctions is DENIED. Ripley's motion for sanctions is also DENIED. But whether to sanction Kahn is a close call, so Kahn is advised that further frivolous litigation may result in substantial sanctions under Federal Rule of Appellate Procedure 38 or this court's inherent authority and may include monetary sanctions and restrictions on access to federal courts.