# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2022

Lyle W. Cayce
Clerk

No. 21-10735
Summary Calendar

Lew S. McGinnis,

*Plaintiff—Appellant*,

*versus*

Nationwide Life and Annuity Insurance Company; James
A. Mueller; Agency Services of Arkansas Incorporated,
*doing business as* The ASA Group,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3138

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Plaintiff–Appellant Lew McGinnis filed suit against Defendants–
Appellees Nationwide, James Mueller, and The ASA Group in the United
States District Court for the Northern District of Texas based on diversity

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10735

jurisdiction. Nationwide moved to dismiss, asserting that the court lacked subject matter jurisdiction because McGinnis and Mueller were both citizens of Oklahoma. Concluding that McGinnis was unable to adduce sufficient evidence demonstrating diverse citizenship, the district court dismissed the case. McGinnis timely appealed.

Following the dismissal, however, McGinnis also filed a nearly identical complaint against the same defendants in Texas state court in the same county as this case. Nationwide removed that action to the federal district court for the Northern District of Texas based on diversity jurisdiction.[1] We sought supplemental briefing to address whether this appeal was mooted by the pendency of the second action (i.e., the same lawsuit pending in the same federal district court division).

Nationwide has explicitly stated that this appeal is now moot since there is no relevant difference between the more recently filed case and this case. Given Nationwide's express admission to the lack of any claimed different defenses based upon the timing of the second case compared to the first case (such that there would be express judicial estoppel as to the same), we agree that this appeal is moot, and therefore, DISMISSED. All pending motions are DENIED as moot.

---

[1] Nationwide asserted that McGinnis had become a citizen of Texas in the nine months between the filing of this action and the filing of the state court action. We take judicial notice of the second action filed in state court and its removal to the Northern District of Texas. *See Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830–31 (5th Cir. 1998). The second action is currently stayed pending the resolution of this appeal. Order, *McGinnis v. Nationwide Life & Annuity Ins. Co.*, No. 3:21-CV-1988 (Dkt. No. 33, 1).