# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2023

Lyle W. Cayce
Clerk

―――――――――

No. 22-50584

―――――――――

PNC Bank, National Association,

*Plaintiff—Appellee*,

*versus*

Sylvia Ruiz,

*Defendant—Appellant*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-770

―――――――――――――――――――――――――

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

PNC Bank's predecessor in interest extended a loan to Sylvia Ruiz, secured by a deed of trust on her homestead, as permitted under the Texas Constitution Article XVI, Section 50. Ruiz fell into default and PNC initiated foreclosure. The district court rejected her challenge, and granted summary judgment to PNC, concluding that it was entitled to foreclose against defendant Ruiz. We AFFIRM.

――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50584

## I.

On May 24, 2002, Sylvia Ruiz and her then-husband, Mark Rude, obtained a home equity loan from National City Mortgage Co. for $187,000.00. The loan was secured by a lien on the property. Both Ruiz and Rude signed a Texas Home Equity Note and Texas Home Equity Security Instrument granting a secured interest in the home to National City. Later that year when the couple divorced, the property that secured the loan went to Ruiz by way of special warranty deed, and in 2006 she asked National City to remove Rude from the loan.

But Ruiz failed to satisfy her payment obligations, and in July 2009, National City sent Ruiz a notice of default, stating that, to avoid acceleration of the maturity date, she could cure the default by paying a certain amount by a specified date. Ruiz failed to cure the default. On December 24, 2013, National City transferred the loan to PNC. On April 28, 2014, and June 25, 2014, PNC notified Ruiz that because of her failure to cure the default, it had elected to accelerate the loan. Ruiz remains in default, owing $167,765.91.

In September 2015, PNC sued Ruiz in federal court seeking judicial foreclosure and declaratory judgment. A magistrate judge granted PNC's motion for summary judgment, denied Ruiz's motion for summary judgment, and entered final judgment.[1] Ruiz timely appealed. Because PNC had declined to proceed before a magistrate judge, this Court vacated the judgment and remanded.[2]

On remand, PNC asked the district court to treat the magistrate judge's opinion as a report and recommendation. The district court granted

---

[1] *See PNC Bank, Nat'l. Ass'n. v. Ruiz*, No. 1:15-CV-770, 2020 WL 836517, at *1 (W.D. Tex. Feb. 20, 2020).

[2] *PNC Bank, Nat'l. Ass'n. v. Ruiz*, 989 F.3d 397, 398 (5th Cir. 2021).

No. 22-50584

the request, overruled Ruiz's objections, and adopted the report and recommendation as its own order.[3] Ruiz then timely appealed.

## II.

We review applications of state substantive law and grants of summary judgment *de novo*.[4] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[6]

## III.

In Texas, to foreclose pursuant to a secured instrument,

the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration.[7]

---

[3] *See PNC Bank, Nat'l Ass'n. v. Ruiz*, No. 1:15-CV-770, 2022 WL 2542371, at *1 (W.D. Tex. June 3, 2022).

[4] *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020) (citations omitted).

[5] Fed. R. Civ. Pro. 56(a).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

[7] *Bracken v. Wells Fargo Bank, N.A.*, No. 05-16-01334-CV, 2018 WL 1026268, at *5 (Tex. App.—Dallas Feb. 23, 2018, pet. Denied); *see also Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019) (unpublished) (per curiam) (same); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 362 (Tex. App.—Dallas 2007, pet. denied) (holding that

No. 22-50584

Appellant conceded below that: (1) she executed a home equity note and home equity security instrument granting a security interest in her home; (2) she has not made required payments under the terms of the Note and Security instrument; (3) because she has failed to make such payments, she is in default; and (4) she was provided with a notice of default, acceleration, and foreclosure by PNC. Therefore, the district court concluded PNC met its burden.

On appeal, Appellant argues that there is an issue as to whether PNC has the authority to foreclose. Specifically, Appellant contends that PNC cannot foreclose because: (1) PNC did not plead or prove that the home equity loan was valid or foreclosure-eligible; and (2) the home equity loan failed to provide the constitutionally required language that permits forfeiture. We review each argument in turn.

The Texas Property Code specifies that "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record" qualifies as a "mortgagee" with the right to foreclose.[8] And under Texas law, a party need not possess the note in order to foreclose on a property, as the power to foreclose may be assigned under the deed of trust to another party.[9] The record shows that the Security Instrument signed by Appellant was not only assigned to PNC but also publicly filed. Appellant, however, contends that the document is nevertheless invalid.

---

a copy of the security instrument and a sworn affidavit stating that the borrowers stopped making payments on their mortgage were sufficient to support a judgment for judicial foreclosure).

[8] Tex. Prop. Code § 51.0001(4).

[9] *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

No. 22-50584

"The general rule is that separate instruments or contracts executed at the same time, for the same purpose, and in the course of the same transaction are to be considered as one instrument, and are to be read and construed together."[10] Here, when read together, it is plain that Appellant executed a single Note secured by the Security Instrument submitted by PNC. The documents admitted by Appellant and proffered by PNC match in all material respects. Texas law requires nothing more.

Next Appellant contends that the lien is invalid because it failed to provide the constitutionally required language. Appellant parses the language of a Supreme Court of Texas case that the remedy of forfeiture must be included in a "home-equity loan . . . to be foreclosure-eligible."[11] From this passage, Appellant gleans a broad-based rule that, to be valid, the loan itself must reference all the terms of Section 50(a)(6)(A)-(Q) of the Texas Constitution. But this brings no aid, for the Supreme Court of Texas later explained that references to forfeiture as a potential remedy need only be included in the "loan documents" at large, *not* in a specific or particular loan document.[12] PNC incorporated all terms of the section in the "loan documents," including those claimed to have been omitted. In sum, the home equity loan suffered no constitutional defect and therefore the lien remains valid.

––––––––––––––––––––––––––––––––

[10] *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981).

[11] *Garofolo v. Ocwen Loan Servicing*, L.L.C., 497 S.W.3d 474, 479 (Tex. 2016).

[12] *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 546 (Tex. 2016) (explaining that, in its *Garofolo* decision, it "explain[ed] that borrowers may access the forfeiture remedy through a breach-of-contract action based on the inclusion of those terms in their loan documents, as the Constitution requires to make the home-equity lien foreclosure-eligible"); *see also Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 599 (5th Cir. 2017) (noting that the *Garofolo* case "describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default").

No. 22-50584

## IV.

Appellant also brings two evidentiary challenges to the district court's consideration of an affidavit as well as Appellant's bankruptcy records. We review the district court's evidentiary rulings and use of judicial notice for abuse of discretion.[13] We address each in turn.

### 1. Affidavit of William Hardwick

Federal Rule of Civil Procedure 56(c)(4) states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Yet under Fed. R. Evid. 803(6), evidence that would otherwise be inadmissible as hearsay is admissible under the business records exception if the requirements for admitting the evidence "are shown by the testimony of the custodian or another qualified witness."[14] A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.[15] Personal knowledge can be "demonstrated by showing that the facts stated reasonably fall within the sphere of responsibility of the affiant as a corporate employee."[16] Personal knowledge may even be "reasonably inferred" from the affiant's position with the company.[17] To qualify as a witness, the affiant must be able to "explain the record keeping system of the organization and vouch that the

---

[13] *See Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 748 (5th Cir. 2018); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998).

[14] Fed. R. Evid. 803(6)(D); *see also United States v. Box*, 50 F.3d 345, 356 (5th Cir. 1995) (noting authentication requirement under Rule 803(6)).

[15] Fed. R. Evid. 602.

[16] *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005).

[17] *Id.*

requirements of Rule 803(6) are met." [18] And business records produced by another entity, but subsequently integrated into the records of the party offering them, are admissible. [19]

Appellant contends that the Hardwick's affidavit was insufficient because Hardwick lacks personal knowledge of the loan documents and provides no foundation for his assertions concerning them outside of the fact that he has read them.

Hardwick's testimony sufficiently established that the records were made as part of PNC's business practices. Specifically, Hardwick testified that the records were "kept in the course of PNC's regularly conducted business activities and . . . within the regular practice of PNC to make such records," were made "by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge," and were "made at or near the time of the occurrence of the matters recorded." That is sufficient. [20]

Hardwick's testimony sufficiently established his connection to the documents. Specifically, Hardwick testified that his statements are based on his review of the records and as "part of my job responsibilities for PNC, I am familiar with the type of records maintained by PNC in connection with the loan." As there "is no requirement that the witness who lays the

---

[18] *United States v. Iredia*, 866 F.2d 114, 120 (5th Cir. 1989). Moreover, a custodian of records is competent to testify as to business records simply just as a corporate representative. *See Love v. Nat'l Med. Enters.*, 230 F.3d 765, 776 (5th Cir. 2000).

[19] *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990).

[20] *See also* Fed. R. Evid. 803(6)(C); *Iredia*, 866 F.2d at 120 (finding no error where bank employees "testified that to [their] own knowledge the records were received and kept in the ordinary course of business activity, and it was each employee's regular business practice to receive the business records").

foundation be the author of the record or be able to personally attest to its accuracy,"[21] and to qualify as a witness, the affiant must simply "explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met,"[22] the district court did not err in considering this affidavit.

*2. Ruiz's Bankruptcy Records*

Ruiz challenges the district court's consideration of her bankruptcy records. The Bankruptcy Code provides that all papers filed in a bankruptcy case and the dockets of a bankruptcy court are public records except for certain limited, unrelated exceptions.[23] More succinctly, all bankruptcy records are a matter of public record. Judicial notice may be taken of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned."[24] We think the records are relevant for the reasons PNC states, as they show that Ruiz was liable to PNC for the lien on her home. Since the bankruptcy records are matters of public record, and given that no exception applies, the district court did not err in taking judicial notice of them.[25]

---

[21] *See United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008) (quoting *Duncan*, 919 F.2d at 986).

[22] *Iredia*, 866 F.2d at 120.

[23] *See* 11 U.S.C. § 107(a) ("Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.").

[24] *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 829 (5th Cir. 1998); *see also Gov't of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979).

[25] *See* Fed. R. Evid. 201(b)(2); *Tu Nguyen v. Bank of Am., N.A.*, 728 F. App'x 387, 388 (5th Cir. 2018) (unpublished) (per curiam) ("Because the proposed documents are

No. 22-50584

## V.

Appellant challenges PNC's right to enforce the deed of trust as barred by the statute of limitations because PNC accelerated the note in 2014 but has yet to sell the property. This challenge also fails, for PNC seeks the remedy of a judicial foreclosure, not a non-judicial foreclosure.[26] To obtain the remedy of a judicial foreclosure, Texas law requires that a party, "must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues."[27] "On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void."[28] Where, as here, there is an option to accelerate, "the action accrues 'when the holder actually exercises its option to accelerate.'"[29] To exercise this option, the holder must send "both a notice of intent to accelerate and a notice of acceleration."[30] The record reflects a notice of intent to accelerate and a notice of acceleration was sent to Appellant, and PNC sued for declaratory judgment and judicial

---

highly indisputable public records, we take judicial notice of them."); *Matter of Manges*, 29 F.3d 1034, 1042 (5th Cir. 1994) (taking judicial notice of certified copies of a deed in the public record).

[26] *See In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) (unpublished) ("Both this court and the Texas Courts of Appeals have held that judicial foreclosure and [non-judicial foreclosure] under the power of sale in a deed of trust are separate and distinct remedies.").

[27] *Boren v. U.S. Nat. Bank Ass'n.*, 807 F.3d 99, 104 (5th Cir. 2015) (quoting Tex. Civ. Prac. & Rem. Code § 16.035(a)).

[28] Tex. Civ. Prac. & Rem. Code § 16.035(d).

[29] *Boren*, 807 F.3d at 104 (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)).

[30] *EMC Mortg. Corp. v. Window Box Ass'n., Inc.*, 264 S.W.3d 331, 336 (Tex. App.—Waco 2008, no pet.).

No. 22-50584

foreclosure on September 2, 2015, well within the 4-year statute of limitations prescribed by Texas law.[31]

## VI.

Appellant forfeited her remaining claims. Appellant argues that the district court erred in assessing costs against her individually and issuing a final judgment for foreclosure without listing a final judgement amount. But we are "a court of review, not of first view."[32] As Appellant did not press the issue before the district court, the claims have been forfeited.

\* \* \* \* \*

We AFFIRM.

---

[31] *See* Tex. Civ. Prac. & Rem. Code § 16.035(a)).

[32] *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005); *see also Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997) ("[W]e decline to address those claims that Lackey has raised for the first time on appeal because those issues are deemed waived."); *United States v. Salerno*, 77 F.3d 476 (5th Cir. 1995) (holding that claims "not presented to the district court . . . are not preserved for appeal").