# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-30306
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2026

Lyle W. Cayce
Clerk

MANUEL TIJERINO,

*Plaintiff—Appellant*,

*versus*

GREGORY J. MILLER, *Attorney*; GREGORY J. MILLER, ATTORNEY AT LAW, L.L.C.,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-7391

———————————————————————

Before CLEMENT, SOUTHWICK, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Manuel Tijerino sued his former attorney, Gregory J. Miller, alleging that Miller committed legal malpractice during a prior litigation that arose under the Family and Medical Leave Act (FMLA). The district court granted summary judgment in favor of Miller and denied Tijerino's motion to deny or defer summary judgment under Federal Rule of Civil Procedure

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

56(d). Further, the district court denied Tijerino's motion to reconsider the grant of summary judgment under Federal Rule of Civil Procedure 59(e). On appeal, Tijerino challenges the district court's grant of summary judgment against him and its denial of his motions under Rules 56(d) and 59(e).

Tijerino argues that the district court improperly granted summary judgment on his claim that Miller committed legal malpractice by failing to file a timely motion under Rule 59(e) in the FMLA lawsuit.[1] We review a district court's grant of summary judgment de novo. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Under Louisiana law, which governs this diversity action, the elements of a legal malpractice claim are "(1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence." *MB Indus., LLC v. CNA Ins. Co.*, 2011-0303, p. 15 (La. 10/25/11), 74 So. 3d 1173, 1184. To show causation, a plaintiff "must establish some causal connection between the alleged negligence and the eventual unfavorable outcome of the litigation." *Id.* at p. 20, 74 So. 3d at 1187.

Tijerino has failed to establish a genuine issue of material fact as to whether a timely Rule 59(e) motion would have prevented the eventual unfavorable outcome of the FMLA lawsuit. "Rule 59(e) motions are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019). "They 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Id.*

---

[1] Tijerino also alleged that Miller did not conduct adequate discovery and failed to raise certain facts and arguments in the FMLA litigation. The district court held that these malpractice claims were perempted. Tijerino has not briefed this issue on appeal, so any challenge to this ruling is abandoned. *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021).

(quoting *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019)). Tijerino raises various arguments that he says Miller should have included in a Rule 59(e) motion, but Tijerino's proposed arguments could have been made before the judgment issued in the FMLA lawsuit. Thus, Tijerino has not shown a genuine dispute as to whether there was a legitimate basis to file a Rule 59(e) motion in the FMLA lawsuit or whether such a motion would have succeeded. Accordingly, Tijerino has not established a genuine dispute as to the causation required for a legal malpractice claim under Louisiana law.

Likewise, the district court did not abuse its discretion by denying Tijerino's Rule 59(e) motion in this proceeding. *See id.* ("Our court reviews a district court's ruling on a Rule 59(e) motion for abuse of discretion."). Tijerino argues that the district court should have granted his Rule 59(e) motion because the motion offered facts and arguments that Miller failed to raise in the FMLA lawsuit. But because these facts and arguments could have been presented before the judgment issued in *this* action, the district court properly denied Tijerino's Rule 59(e) motion.

Tijerino also asserts that the district court erred by granting summary judgment without taking notice of the adjudicative facts that he identified. We review the district court's refusal to take judicial notice for abuse of discretion. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998). A court "may judicially notice a fact that is not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction" or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Tijerino did not identify specific, indisputable facts that are relevant to this case, so it was not an abuse of discretion for the district court to decline to take judicial notice.

No. 25-30306

As for his Rule 56(d) motion, Tijerino argues it was improper for the district court to grant summary judgment and deny his Rule 56(d) motion in the same order. We review the denial of a Rule 56(d) motion for abuse of discretion. *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366 (5th Cir. 2022). Contrary to Tijerino's arguments, the federal rules "give district courts the power to grant summary judgment motions before the parties have completed discovery." *Id.* Rule 56(d) "protect[s] parties from premature summary judgment motions," *id.*, but a party filing a Rule 56(d) motion must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion, FED. R. CIV. P. 56(d). Tijerino did not offer an affidavit or declaration, and his motion did not provide specific reasons why he needed additional discovery or how that discovery would create a genuine issue of material fact. Thus, the district court did not abuse its discretion by denying Tijerino's unsupported Rule 56(d) motion. *See Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894–95 (5th Cir. 2013) (per curiam).

Finally, Tijerino argues that the district court erred by denying his motion to appoint counsel. The district court referred Tijerino's motion to a magistrate judge; when the magistrate judge denied the motion, Tijerino did not object to the district court. "Appeals from the magistrate [judge]'s ruling must be to the district court." *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980); *see also* FED. R. CIV. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Tijerino attempts to appeal a magistrate judge's ruling directly to this court, but "appellate courts are without jurisdiction to hear appeals directly from federal magistrates." *Renfro*, 620 F.2d at 500. The denial of Tijerino's request for counsel is not properly before us, so we dismiss this portion of Tijerino's appeal for lack of appellate jurisdiction.

No. 25-30306

In sum, we DISMISS the appeal, in part, for lack of appellate jurisdiction, and we otherwise AFFIRM the district court's judgment.