# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2012

No. 11-41259
Summary Calendar

Lyle W. Cayce
Clerk

ALONZO ALVIN SEAY, JR.,

Plaintiff-Appellant

v.

KENNETH HUTTO, Captain; VIRGLE E. MILLER, JR., Lieutenant; ALVIN L. HARRIS, Lieutenant; SHANE D. LUNA; STEVEN R. NEAL, Sergeant; PATRICK D. DICKENS, Captain; DANIEL D. DICKERSON, Major; MICHAEL J. BUTCHER, Warden; TIMOTHY LESTER, Warden; TIMOTHY C. SIMMONS, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:11-CV-73

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Alonzo Alvin Seay, Jr., Texas prisoner # 1223361, appeals from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). In his district court pleadings, Seay alleged generally that he had been harassed by prison gangs for years, with the assistance of prison officials,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in order to extort protection money from him.  The district court considered only the claims raised in Seay's initial complaint and denied him leave to amend his complaint.

We review the dismissal of a complaint under § 1915A(b)(1) de novo, accepting the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff.  *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001).  We may affirm the dismissal of Seay's complaint on any basis supported by the record.  *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (affirming dismissal of claim where district court failed to address claim, but dismissed complaint, including that claim, as frivolous).

Seay argues that the defendants engaged in a premeditated extortion plot by taking his personal property on November 19, 2010, and not documenting the taking, which he alleges violates prison regulations.  According to Seay, staff attempted to force him to sign inventory papers but he would not do so when he noticed items missing, and he received no inventory confiscation papers. Additionally, he contends that he was deprived of due process when the funds were taken from his prison account on February 7, 2011, regardless whether he could prevail in a separate suit or whether the funds were restored to his account after his disciplinary conviction was reversed, as he would be entitled to nominal damages.

He also contends that the magistrate judge erred by failing to allow him to amend his complaint to prove a pattern of property deprivations establishing an unofficial policy or practice.  As to deprivations addressed in his amended district court pleadings, he contends that prison officials retaliated against him for failing to pay for protection by arranging to have his cell left open on August 3 and 6, 2011, so gang members could steal his personal property.

The denial of Seay's motion to amend as to his property deprivation claims was an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The *Parratt/Hudson*[1] doctrine provides that when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a postdeprivation tort cause of action in state law is sufficient to satisfy the requirements of due process. *Sheppard v. Louisiana Bd. of Parole,* 873 F.2d 761, 763 (5th Cir. 1989) (quoting *Hudson*, 468 U.S. at 533-35). The *Parratt/Hudson* doctrine is applicable if the following conditions exist: (1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir. 1991) (en banc). Conduct is not considered random and unauthorized if the State has delegated to the defendants the authority to cause the deprivation that is contested. *Allen v. Thomas,* 388 F.3d 147, 149 & n.1 (5th Cir. 2004).

Seay alleges that the November 19, 2010, deprivation and failure to inventory his property violated prison policy. He alleges that he was told that prison administrators had directed that his cell be left open in August 2011. But he does not allege that prison officials were delegated authority under state law, regulation, or policy to direct that a prisoner's property be stolen by other inmates. He therefore has not alleged that his property was taken pursuant to an official policy that would render the *Parratt/Hudson* doctrine inapplicable. Because Texas has adequate postdeprivation remedies for the confiscation of prisoner property, Seay may not prevail on this claim in the instant § 1983 suit. *See Thompson v. Steele*, 709 F.2d 381, 383 (5th Cir. 1983).

---

[1] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

The deprivation that was first noticed on February 7, 2011, was not explicitly addressed by the district court. But this court may affirm the implicit rejection of Seay's claim. Seay alleges that he prevailed at Step 2 of the grievance procedure concerning his disciplinary conviction and that the funds were restored to his account on the day that he filed his federal lawsuit. Because the disciplinary conviction was reversed and the funds were restored to his account, the district court could provide no relief and the claim was moot to the extent Seay sought actual damages. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Additionally, Seay explicitly conceded in the district court that he had not exhausted administrative remedies as to the February 7, 2011, deprivation. Exhaustion is required before a prisoner may proceed on a § 1983 claim in district court. 42 U.S.C. § 1997e(a).

Next, Seay contends that prison gang members poisoned his food at the behest of prison officials in retaliation for him filing a federal lawsuit; that he was beaten frequently by his cellmate on the orders of prison officials to retaliate for him seeking relief; that his mail was tampered with on August 22, 2011; that he was told, in conjunction with the mail-tampering incident. that he could no longer use the grievance system; and that he was given a mailroom pass with a woman's name on it and threatened with gang rape once his federal lawsuit was dismissed. All of these claims were asserted in Seay's amended pleadings, which he was denied leave to file. He alleges that prison officials retaliated against him, but the retaliatory episodes he alleges all occurred after his federal lawsuit was filed. Apart from his property deprivation claims, all of the allegedly conspiratorial actions of the defendants occurred after he filed his complaint. On appeal, Seay contends that the district court erred by failing to grant him leave to amend as to his property deprivation claims; he does not argue that the district court erred by denying him leave to amend to add the other claims he raises on appeal. He has failed to brief the relevant issue for appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.

1987).    Also, Seay does not raise any argument on appeal as to an alleged beating by other prisoners on September 8, 2010, or as to any other attacks by prisoners during the time period covered in his initial complaint.    Nor does he contend that the district court erred by finding that prison officials were not deliberately indifferent to his allegations that he was attacked.    Seay has failed to brief those issues for appeal.    *See id.*

Seay argues that the magistrate judge erred by failing to apply the doctrine of stare decisis, which he asserts dictates that a plaintiff prevails if a defendant pays money in anticipation of a lawsuit.    "Stare decisis means that like facts will receive like treatment in a court of law."    *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 832 (5th Cir. 1998) (internal quotation marks, footnote, and citation omitted).    It does not mean that the return of funds to Seay's prison account proved the constitutional violation he alleged.    *See id.*

Further, Seay suggests that the magistrate judge was biased against him and may have recommended dismissal instead of proceeding to trial because he withdrew his consent to have her preside over the ultimate disposition of his case.    Adverse judicial rulings are insufficient to establish bias.    *See Liteky v. United States,* 510 U.S. 540, 555 (1994).

For the first time on appeal, Seay argues that he was deprived of property without due process on October 7, 2011, and that he is being deprived of access to the appellate record in this case.    We will not consider issues raised for the first time on appeal in a civil case.    *See Leverette v. Louisville Ladder Co.*, 183 F.3d 399, 342 (5th Cir. 1999).

Seay moves for appointment of counsel.    He has not demonstrated exceptional circumstances necessitating the appointment of counsel.    *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Finally, the dismissal of Seay's complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).    *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).    Seay is WARNED that if he accumulates three strikes, he

may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.